**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-50771**
**Summary Calendar**

_____

**MICHAEL LACEY,**

**Plaintiff-Appellee,**

**versus**

**RUBEN TEJEDA, Etc; ET AL.,**

**Defendants,**

**RUBEN TEJEDA, Bexar County Constable Precinct 5, Individually and**
**in his Official Capacity,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(SA-00-CV-786-EP)**

_____

January 8, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Constable Ruben Tejeda appeals his being denied qualified immunity against Michael Lacey's First Amendment retaliation claim. **AFFIRMED.**

I.

Lacey was employed by the Bexar County, Texas, constable's office, achieving the position of chief deputy before being

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

terminated in July 1998. Lacey contends that, prior to his termination, he became aware of illegal activity in that office. Lacey asserts: he was informed that one deputy constable was using illegal steroids; Constable Tejeda received payment for work done for private citizens by deputy constables while on county time; and the Constable did not report these payments to the county auditor.

After Lacey informed Constable Tejeda about these items, the Constable ordered Lacey to provide him with all information and evidence he had relating to them. Lacey refused; instead, he provided the information to the Bexar County district attorney's office and the Texas Rangers. Lacey claims he was terminated due to his refusal to provide the investigative files to the Constable and because he provided the information to other entities.

Lacey filed a grievance with the Bexar County Civil Service Commission, which ordered his reinstatement. When Constable Tejeda refused to allow Lacey to return, Lacey unsuccessfully sought a writ of mandamus from state district court; the denial was upheld by the Texas Court of Appeals on the basis the commission was without authority to order the reinstatement. *See **Lacey v. Tejeda**,* 2001 WL 246810 (Tex. App. 2001).

Lacey filed this action in July 2000 under 42 U.S.C. § 1983 and the Texas Whistleblower Act, claiming his termination violated his procedural and substantive due process rights and was in

retaliation for exercising his First Amendment rights and for reporting the alleged illegal conduct.

The County's motion to dismiss and/or for summary judgment was granted. Constable Tejeda's summary judgment motion was granted in part and denied in part, leaving only the First Amendment retaliation claim and denying qualified immunity. ***Lacey v. Tejeda***, No. SA-00-CA-786-EP, at 11 (W.D. Tex. 30 Jul. 2001).

## II.

In this interlocutory appeal, Tejeda maintains he is entitled to qualified immunity, asserting: (1) there was no violation of a clearly established constitutional right because Lacey's speech was not public in nature and there was no nexus between the speech and the termination; and (2) his (Constable Tejeda's) actions were objectively reasonable.

The "denial of summary judgment on qualified immunity is ... immediately appealable, even when a genuine issue of material fact exists, when the order determines a question of law". ***Hare v. City of Corinth, Miss.***, 135 F.3d 320, 324 (5th Cir. 1998). Restated, our jurisdiction is limited to immunity denials "turn[ing] upon an issue of law and not of fact". ***Stem v. Ahearn***, 908 F.2d 1, 3 (5th Cir. 1990), *cert. denied*, 498 U.S. 1069 (1991).

No authority need be cited for the fact that, in reviewing a summary judgment denial, we view the record *de novo*. Of course,

3

the evidence is viewed "in the light most favorable to the nonmovant". **Hare**, 135 F.3d at 325.

Constable Tejeda is entitled to qualified immunity unless: Lacey has alleged the violation of a clearly established constitutional right; and the Constable's conduct was objectively unreasonable in the light of clearly established law. *E.g.,* **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982).

### A.

For a First Amendment retaliation claim, Lacey must allege: (1) he suffered an adverse employment action; (2) his speech involved an issue of public concern; (3) his interest in making it outweighed the defendant's interest in efficiency; and (4) the speech motivated the adverse employment action. **Kennedy v. Tangipahoa Parish Library Bd. of Control**, 224 F.3d 359, 366 (5th Cir. 2000). Constable Tejeda contends that Lacey has not satisfied the second and fourth elements.

### 1.

Concerning the fourth element, a nexus between the speech and the termination, Lacey asserts, and Constable Tejeda does not contest, that the Constable never raised this issue in district court. Generally, "we [do not] consider matters not presented to the trial court". **St. Paul Mercury Ins. Co. v. Williamson**, 224 F.3d 425, 445 (5th Cir. 2000). Accordingly, we will not consider this issue raised for the first time on appeal.

4

2.

Concerning the second element, the district court concluded that Lacey's speech involved an issue of public concern. We will assume this is a "mixed speech" case in that Lacey was speaking as both citizen and employee. *See, e.g., **Teague v. City of Flower Mound, Tex.**,* 179 F.3d 377, 380-81 (5th Cir. 1999) (mixed speech occurs where speech is of both a public and private concern; that regarding police corruption is a matter of public concern; that regarding conditions of employment is a matter of private concern).

Mixed speech is a matter of public concern if: (1) the content "does not involve solely personal matters or [is not] strictly a discussion of management policies that is only interesting to the public by virtue of the manager's status as an arm of the government"; (2) the speech, even though not directed to the public, is "made against the backdrop of public debate"; and (3) the speech is not "made in furtherance of a personal employer-employee dispute". **Kennedy**, 224 F.3d at 372.

a.

Lacy reported alleged illegal drug use within the constable's office, as well as Tejeda's not disclosing payment from private parties for work by on-duty deputy constables. These subjects are not a personal matter and are not of interest to the public solely because of the Constable's status as an arm of the government. Instead, this information goes to the very heart of public

5

confidence in the integrity of law enforcement. Likewise, such reporting is not a personal employer-employee dispute; these issues are independent of, for example, his job performance or the conditions of his employment.

b.

Lacey's speech was not made to the public, but to the district attorney and the Texas Rangers. Accordingly the issue is whether it was made against the backdrop of public debate. There is certainly public debate regarding police misconduct; and, as the district court found, although Lacey did not take his allegations to the media, other deputy constables did report to the media alleged corrupt practices within the constable's office. Therefore, Lacey's report was made against the backdrop of public debate regarding police misconduct.

In sum, Lacey alleged the violation of a clearly established constitutional right.

B.

Therefore, the next inquiry is whether Constable Tejeda acted objectively reasonably. Although the Constable contends he did so act, he did not present this issue to the district court. (Nor does he contest Lacey's assertion that the issue was not raised there.) Along this line, the district court did not mention, much less rule on, objective reasonableness. As stated, we generally do not consider issues raised for the first time on appeal; we will not do so here.

III.

For the foregoing reasons, the qualified immunity denial is

*AFFIRMED.*